## Sill et al., Appellants, *v.* Blaney et al.

[Marked to be reported.]

*Partition—Tenants in common—Will—Conversion.*

Testator died seized of an undivided half interest in certain land. By his will he directed that this land " shall not be sold under any circumstances, unless it should become necessary to sell the same to pay debts, without the consent of my brother and sisters, and, if it should become necessary to sell the same, the proceeds of the same shall be applied to the support and maintenance of the family so long as they may remain together, and whatever is left after the separation shall be divided share and share alike between my brother and sisters then living," and also " that my brother Thomas M. Sill shall collect the rents of my share of the real estate and apply the proceeds to the support and maintenance of the family." At the time of the testator's death the family referred to consisted of the mother and three sisters. The mother and one of the sisters subsequently died, leaving two sisters living together as the family. Testator left other sisters, and children of deceased sisters. The two sisters constituting the family, and the trustee to collect rents substituted in place of the brother who had died, filed a bill for partition, naming as defendants the other tenant in common, and testator's other sisters and the children of his deceased sister. *Held:*

1. That as there was no absolute direction to sell the land there was no equitable conversion of it.

2. That the question of equitable conversion concerned all the devisees and not a stranger, and that the tenant in common could not raise this question to bar the right to partition: Chew *v.* Nicklin, 45 Pa. 84.

3. The testator did not die intestate as to this land.

4. That, as all parties having any interest in the land under the will had been joined in the action, there was no such uncertainty as to the title as would defeat partition.

5. That the trustee appointed by the will to collect rents was a mere agent in whom no title was vested, and that, even if title were vested in him, it would not operate as a bar to partition.

6. That in such case partition could be made, and one half the land, or the proceeds of the same in case of sale, could be decreed to be held aggregately by the devisees of testator: Phelps *v.* Green, 3 Johns. Ch. 302.

Argued Nov. 6, 1893. Appeal, No. 254, Oct T., 1893, by plaintiffs, Anna G. Sill, Susan Sill and S. O. Lowry, trustee, from decree of C. P. No. 1, Allegheny Co., Dec. T., 1892, No. 611, dismissing bill in equity against David Blaney and Amanda Blaney, his wife, in right of said wife, Samuel H. Stewart, Harry W. Stewart, Edward Payton and Emma Payton, his

wife, in right of said wife, Samuel G. Pollock, Emma Pollock, Susan S. Pollock, Harry Pierce and Ella L. Pierce, his wife, in right of said wife, Cyrus Christy, Robert R. Christy, Robert Kinkaid and Jessie S. Kinkaid, his wife, in right of said wife, John S. Christy and J. C. Smith, defendants. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Bill in equity for partition.

The bill averred that Jesse Sill died on Oct. 6, 1877, seized of an undivided one half of a certain lot or piece of ground situate on the northeast corner of Fifth avenue and Market street, in the city of McKeesport.

That the other undivided one half is now owned by J. C. Smith, one of said defendants, who occupies a part of said house, viz., a store room and cellar as tenant.

That said Jesse Sill, deceased, left him surviving: (1) a mother, Margaret Sill, who died May 10, 1891; (2) one brother, Thomas M. Sill, who died Sept. 1, 1883, without leaving a widow or children; and six sisters: (3) Margaret A. Sill, who died Nov. 13, 1891, without leaving a husband or children; (4) Susan Sill; (5) Anna G. Sill; (6) Amanda Blaney, nee Sill, intermarried with David Blaney; (7) Nancy R. Pollock, nee Sill, who died Oct. 10, 1888, leaving her surviving, Samuel G. Pollock, her husband, and three children: Emma L. Pollock, Ella L. Pierce, nee Pollock, intermarried with Harry Pierce, and Susan S. Pollock, a minor; (8) Martha S. Christy, nee Sill, who died Sept. 12, 1886, leaving her surviving, Cyrus Christy, her husband, and three children: Robert R. Christy, Jessie S. Kinkaid, nee Christy, intermarried with Robert Kinkaid, and John S. Christy, a minor; and had also a sister: (9) Maria S. Stewart, nee Sill, who died many years ago, the exact date unknown to your orators, before said Jesse Sill, leaving her surviving, Samuel H. Stewart, her husband, and two children, Harry W. Stewart and Emma Payton, nee Stewart, intermarried with Edward Payton.

That the said Jesse Sill, in and by his last will and testament, inter alia, devised as follows:

"6. I direct that the real estate on the corner of Market and Fifth streets in McKeesport shall not be sold under any circum-

stances, unless it should be necessary to pay debts, without the consent of my brother and sisters, and if it should become necessary to sell the same, the proceeds of the same shall be applied to the support and maintenance of the family so long as they may remain together, and whatever is left after the separation, shall be divided, share and share alike, between my brother and sisters then living."

"8. I direct that my brother, Thomas M. Sill, shall collect the rents of my share of the real estate, and apply the proceeds to the support and maintenance of the family."

That the said Thomas M. Sill, having died, as aforesaid, upon petition to the orphans' court of Allegheny County, at No. 124 January Term, 1891, S. O. Lowry was appointed trustee under the said will of Jesse Sill, deceased, who has accepted said trust.

That the "family" referred to in said will was composed, at the death of Jesse Sill, of Margaret Sill, the mother, since deceased, and three of his sisters, Margaret A. Sill, also since deceased, and Susan Sill and Anna G. Sill, who now alone survive as "the family," and as such family remain together and live in "the residence" provided for them in item 3d in said will.

That no partition has as yet been made of the premises, and that the heirs of said Jesse Sill, deceased, according to the provisions of his last will and testament, own the undivided one half, and the said J. C. Smith, one of the said defendants, owns the other half, as tenants in common, and have been unable to agree upon a partition of the said property.

The bill prayed for partition.

J. C. Smith in his answer denied that under the will of Jesse Sill, deceased, the title to the real estate described passed to his devisees mentioned in said will. He averred that if the title to the property described in plaintiffs' bill passed under the will of Jesse Sill, deceased, that by said will there was an equitable conversion of said real estate and the devisees under said will or the survivors of them do not take title to the lands as lands ; but are only entitled to the proceeds of the real estate and have no such interest as would entitle them to have partition made of the same.

S. H. Stewart, Harry W. Stewart, Edward Payton and Emma Payton, defendants, denied in their answer that the heirs of

said Jesse Sill " according to the provisions of his last will and testament own the undivided half " thereof, but averred that Jesse Sill died intestate of said land, and that the same was not disposed of by said will, and that they, the said Harry W. Stewart and Emma Payton, are each entitled to one undivided thirty-second part thereof.

Samuel G. Pollock, Emma Pollock, Susan S. Pollock, Harry Pierce and Ella L. Pierce, his wife, A. R. Christy, David Blaney and Amanda Blaney, his wife, defendants, denied that the heirs of the said Jesse Sill, " according to the provisions of his last will and testament own the undivided half " thereof, but averred that the same has not been disposed of by said will ; and averred that the said Amanda Blaney is entitled to an undivided one twelfth part thereof, etc.

The case was heard on bill and answer, and after argument the bill was dismissed in the following opinion by SLAGLE, J.:

" The first question presented is whether the plaintiffs have presented a case entitling them to maintain this bill and have partition as prayed.  The plaintiffs do not admit the contention of the defendants and upon argument deny that the children of deceased sisters have any interest in the property. Whether they admit Mrs. Blaney's interest does not appear. This possibly settles their right, for though the complainants are not bound to set forth the defendants' title ' they must show their own.'    Bisph. Eq., sec. 489.    And ' unless the title is undisputed the bill must be dismissed : ' Ib.    This would clearly be the result if the dispute arose upon questions of fact, but complainants claim that the question here arises upon the construction of the will of Jesse Sill, and should be decided by the court upon the papers.    We may have this right ; but ordinarily ' a bill for partition cannot be made the means of trying a disputed title.' Bisph. Eq. 489.   And the bill presents a case where parties are made defendants for the purpose of having it decided that they have no interest in the property of which partition is prayed."

After quoting clauses 6 and 8 of the will, the court continued :

" Item 3 is as follows : ' I direct that the residence I now occupy shall be occupied by the family so long as they may remain together as a family, together with all the furniture owned by me in said house.'

" Under this will there was clearly no equitable conversion as claimed by the defendant Smith, because there is no direction to sell. The rents of the property being given to Thomas M. Sill, the title passed to him : ' A grant or devise of profit of land passes the land itself.' Drusadow v. Wilde, 63 Pa. 170. Upon his death, S. O. Lowry was appointed trustee in his stead. The title is therefore in him. But it is in him for a temporary purpose, to apply the proceeds to the support of the family. When the family ceases to exist it will vest in the parties who may then become beneficially interested, whether the surviving sisters or the heirs generally need not now be decided. Upon plaintiffs' contention it is now uncertain. The family still exists. One of them may die or Mrs. Blaney may die before the family is broken up. Upon plaintiffs' view the property would belong to the survivors. Who the survivor may be cannot now be known. Though partition may be made upon petition of one holding an equitable interest or limited estate, we find no authority for sustaining the action of one having an uncertain interest. The bill must therefore be dismissed."

*Error assigned* was decree dismissing bill.

*Magnus Pflaum*, for appellant.—There can be no equitable conversion unless there is a positive and absolute direction that the land shall be sold : Bleight v. Bank, 10 Pa. 131 ; Stoner v. Zimmerman, 21 Pa. 394 ; Anewalt's Ap., 42 Pa. 414 ; Neely v. Grantham, 58 Pa. 433 ; Nagle's Ap., 13 Pa. 260 ; Miller's Ap., 60 Pa. 404 ; Dundas's Ap., 64 Pa. 330 ; Page's Est., 75 Pa. 87 ; Hutchinson's Ap., 82 Pa. 512 ; Chew v. Nicklin, 45 Pa. 87.

No intention to die intestate is to be presumed : Stehman v. Stehman, 1 Watts, 475 ; Little's Ap., 81 Pa. 193 ; Raudenbach's Ap., 87 Pa. 51 ; Hofius v. Hofius, 92 Pa. 305 ; Board of Missions' Ap., 91 Pa. 512.

The pleadings do not show that plaintiffs' title is denied.

The bill can be dismissed as against those who do not appear to have any right : Agar v. Fairfax, 17 Ves. 533 ; s. c., 2 Leading Cas. Eq. 468.

The court erred in law because, if our title even had been

disputed, the bill should not have been dismissed.   It must indeed be a strong case of adverse title claimed by the defendants where the bill will be dismissed: Moore v. Kempston, 4 Ired. Eq. 306; Bruton v. Rutland, 3 Humphrey, 435; Hassen v. Day, 39 Miss. 392.

Where, however, plaintiff's title is denied and appears doubtful, the bill is never dismissed: Giffard v. Williams, 8 L. R. Eq. 494; s. c., 5 L. R. Ch. 546; Bolton v. Bolton, 7 L. R. Eq. 297; Slade v. Barlow, 7 L. R. Eq. 296; Pinney v. Hunt, 6 L. R. Ch. D. 98; Wilkin v. Wilkin, 1 Johns. Ch. R. 111; Straughan v. Wright, 4 Rand. 493; Manners v. Manners, 1 H. W. Green 384; Garrett v. White, 3 Ired. 131; Foust v. Moorman, 2 Carter, 17; Boone v. Boone, 3 Md. Ch. 497; Walker v. Laflin, 26 Ill. 472; Dewitt v. Ackerman, 17 N. J. Eq. 215; Hayes's Ap., 123 Pa. 132; Lewis v. Pratt, 2 Whart. 81; Lewis v. Baker, 5 Rawle, 114; Wistar's Ap., 115 Pa. 241; Welch's Ap., 126 Pa. 303; Old Men's Home v. Institute for the Blind, 17 W. N. 173.

It is not a correct reading of the will that the trustee is vested with the title.   The trustee was only appointed to collect rents for the use of the "family;" he was therefore not trustee for the other brother or sisters not members of the "family" who are also devisees.   But in reality there is not even a technical trust.

The legal title in a trustee is no bar to partition by a cestui que trust, or, as it is expressed, equitable title alone is no bar to partition: Willing v. Brown, 7 S. & R. 467; Bleight v. Bank, 10 Pa. 131; Longwell v. Bentley, 23 Pa. 103; Hayes's Ap., 123 Pa. 132.

Where title is shown, partition is a matter of right, not of grace: Parker v. Gerard, 1 Amb. 236; Baring v. Nash, 1 V. & B. 556; Straughan v. Wright, 4 Rand. 363; Hobson v. Sherwood, 4 Beav. 184; Smith v. Smith, 10 Paige Ch. 479; Heaton v. Dearden, 16 Beav. 147; Wiseley v. Findlay, 3 Rand. 363.

Plaintiff has title.   We claim that plaintiffs, together with Amanda Blaney, one of the defendants, as sole surviving sisters, have a "vested remainder, defeasible," on their dying before the separation of the family: Ferguson's Ap., 56 Pa. 487; Montgomery v. Petriken, 29 Pa. 120.

There can be no partition among owners of different estates.

But between these three survivors, subject to the particular estate of the two forming the family, as owners of the one half, on the one hand, and J. C. Smith, the owner of the other half, just as prayed for in the bill, there can be no objection to partition : Phelps v. Green, 3 Johns. Ch. 302.

If partition is granted, in the manner prayed for, no wrong will be done to any of the parties, as their title, if they have any, is kept intact: Goudie v. Northampton Water Co., 7 Pa. 238 ; McClure v. McClure, 14 Pa. 137 ; Ross v. Pleasants, 19 Pa. 168.

*John G. MacConnell* and *E. P. Douglass, John D. Shafer* with them, for appellee.—The complainant must show title in himself, and such a title as will establish his right as against the right of a defendant to a partition. When the complainants' title is disputed, courts of equity decline the jurisdiction to try this question : Pomeroy's Eq. Juris., 2d ed. § 1388.

The plaintiff in partition must show his title in order to sustain an action of partition; this rule applies whether the proceedings are at law or in equity : Hayes's Ap., 123 Pa. 132.

The objects sought to be obtained by a bill in equity are to be ascertained from the prayers it contains : Skilton v. Webster, Brightly, 233.

We adopt the opinion of the court below as our argument.

OPINION BY MR. JUSTICE THOMPSON, December 30, 1893 :

This bill was filed for the partition of certain real estate held by the estate of Jesse Sill, deceased, and J. C. Smith, as tenants in common, and was filed by the two surviving sisters of Jesse Sill, deceased, and the trustee appointed under his will. The testator by his will directs as follows, viz.: "That the land in question shall not be sold under any circumstances unless it should become necessary to sell the same to pay debts without the consent of my brother and sisters, and, if it should become necessary to sell the same, the proceeds of the same shall be applied to the support and maintenance of the family so long as they may remain together, and whatever is left after the separation shall be divided share and share alike between my brother and sisters then living," and also, "that my brother, Thomas M. Sill, shall collect the rents of my share of the real

estate and apply the proceeds to the support and maintenance of the family." At the time of the death of the testator the family referred to consisted of the mother and three sisters. The mother and one of the sisters have since died, leaving surviving them the appellants, the Misses Sill, as the family, who still live together in the residence provided for them.

The scope of this bill is to effect a partition between the heirs of Jesse Sill, deceased, and J. C. Smith. The right to such partition is denied by the latter upon the ground that the will of Jesse Sill made an equitable conversion of the real estate, and by the other appellees upon the ground that as to the land in question the testator died intestate. The testator directs that this land shall not be sold unless it be necessary to do so in order to pay debts, but only with the consent of the brother and sisters, and, in case of sale, that the proceeds shall be applied to the maintenance of the family. As there is thus no absolute direction to sell, there is no equitable conversion of the land: Bleight v. Bank, 10 Pa. 131; Stoner v. Zimmerman, 21 Pa. 394; Anewelt's Appeal, 42 Pa. 414; Neely v. Grantham, 58 Pa. 433. But the question of equitable conversion however concerns all the devisees and not a stranger, and therefore the appellee Smith cannot make this an objection to bar the right to partition: Chew v. Nicklin, 45 Pa. 84.

As to the allegation of intestacy in regard to the land in question made by the other appellees, it may be said that the testator devised by his will his entire estate, and manifestly did not intend that any portion of it should go to nephews or nieces, and therefore as to this land he did not die intestate. But it is said the title here is in dispute, and there is therefore no jurisdiction to decree partition. It is true that a bill for partition cannot be successfully resorted to for the purpose of determining a disputed title. In this case however no attempt of this character is made. The appellee Smith has not made it and the other appellees have not; they at most claim to be the heirs at law with the Misses Sill, and as such to hold as tenants in common with them. As the testator directed the land to be held for the maintenance of the family as long as its members should remain together as a family, an uncertainty as to those who might survive at the time of the happening of such contingency, all parties having been joined in this action, is not an

uncertainty such as would defeat partition. The appellants are in possession of this land, and if a doubt as alleged in regard to their title is permitted to operate to defer partition until it is settled by an action at law, the delay would be indefinite and its effect would practically bar partition. Such a doubt, if existing, may however be determined in these proceedings for partition.

In the case of the Old Men's Home et al. v. Penna. Institution for the Instruction of the Blind, 17 W. N. 171, decided by the court of common pleas No. 2 of Philadelphia Co., Judge MITCHELL, delivering the opinion of that court, in regard to the question of determining a doubt as to title said : " In the case now in hand there are some peculiar difficulties. The mode of determining the title at law is by ejectment. But neither of these parties is in possession more than the other. Upon which, therefore, shall be cast the burden of admitting itself out of possession and recovering upon the strength of its own title in a case which must at all times be open to some doubt." The doubt was resolved and partition decreed.

With the two sisters as plaintiffs is joined the trustee who under the will was appointed to collect the rents and to apply them to the maintenance and support of the family. The will does not make him a technical trustee, but an authorized agent, only to receive and collect the rents so long as the family shall remain together, and apply the same to its maintenance. He had no power to sell and no title was vested in him, but, even if it was, it would not operate as a bar to partition. Hayes's Appeal, 123 Pa. 132. The bill sufficiently avers title in the heirs of Jesse Sill, deceased, in one half of the land for its severance from the half owned by appellee Smith. Such partition can be made and the one half thus held, or the proceeds of the same, in case a sale should be necessary, can be decreed to be held aggregately as in Phelps v. Green, 3 John. Ch. 302.

It is therefore ordered that the decree dismissing the bill be reversed at cost of appellees, and that the bill be restored and partition decreed accordingly.