Edgar A. Wilkinson, Admr. d. b. n. c. t. a. of John P. Wilkinson, deceased, Appellant, *v.* Anna T. Chambers.

*Will—Construction of—Fee simple estate.*

Testator by his will gave certain specifically described real estate to his wife as follows: " I give to my wife for a home my one half undivided interest in the real estate on which I now reside." Testator had other real estate, and in his will he gave his executors a general power to sell real estate. *Held,* that the wife took an estate in fee simple in the lands specifically devised to her.

Argued Feb. 11, 1897. Appeal, No. 34, Jan. T., 1897, by plaintiff, from judgment of C. P. Chester Co., for defendant, on case stated. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Affirmed.

Case stated in amicable action of ejectment. Before WADDELL, P. J.

The case stated was as follows :

It is hereby agreed by and between the attorneys for the parties to the above action respectively, that an amicable action in ejectment in the above form be entered in said court, and that the following facts be agreed upon as a case stated for the opinion of the court in the nature of a special verdict:

That John P. Wilkinson died July 22, 1896, aged about

seventy-eight years, seized amongst other real estate of an undivided half interest in fee of a dwelling house, lawn and garden, and adjoining tannery buildings and lot, containing altogether five acres and seventeen perches, more or less, which had been conveyed from Levi Hayes, Eli Logan and Isaac Jefferis to Francis Wilkinson, John P. Wilkinson and Samuel Wilkinson, March 31, 1856, and the interest of Francis Wilkinson in said real estate was subsequently conveyed by him to said John P. Wilkinson and Samuel Wilkinson.

The undivided half interest of John. P. Wilkinson in said real estate is worth about $4,000, as appears by assessment for taxes and by the collateral appraisement.

John P. Wilkinson never had any children, but he and his wife, Hannah A. Wilkinson, had resided in the dwelling house aforesaid from the time of the purchase thereof, and they continued to reside there until his death, and after his death his widow continued to reside there.    Her death occurred November 9, 1896.

Said John P. Wilkinson made his will in his own handwriting, bearing date February 8, 1894, in language as follows, to wit:

"I hereby make and publish this my last will and testament and desire it to be recorded as such.

"Item 1. I direct my executor hereinafter named to settle up all my business affairs as soon after my decease as practical, consistent with the interest thereof and of my wife Hannah A. Wilkinson without unnecessary delay.

"Item 2. After payment of my funeral expenses and just debts I give to my wife Hannah A. Wilkinson for a home, my one half undivided interest in the real estate on which I now reside, viz: The Tannery lands and building and all my right claim and interest in the real estate included in the purchase from and embraced in the deed from Levi Hayes, Eli Logan and Isaac Jefferis to Francis, John and Samuel Wilkinson, said property being in the village of Unionville, Chester county, Pennsylvania, together with the household and kitchen furniture, including contents of the cellar, all provisions and all articles belonging to me in the house, my horse, two carriages, all my harness, cutter, stable furniture, hay, feed, feed chests, cutting box, chickens, all money in the house and bank or on hand at the time of my death.

" 3. I authorize my executor to sell or rent any property of which I am in whole or part possessed at the time of my death, and to make deed or lease to the best interest of my estate, and others who may have part interest in said property with me.

"4. I bequeath to Anna T. Chambers, wife of David I. Chambers, five hundred dollars in her own right.

" 5. I give to John W. Anderson, son of Dr. David and Eliza H. Anderson, my land (one hundred and twenty acres,) viz: N ½ of NW ¼ and SW ¼ of NW ¼ in Acola county, Florida, sec. 5, Township 25, Range 27, the deed of which I hold from the United States, and I direct my executor to transfer the same to him.

" 5. I give to my sister, Mary W. Pusey, wife of John Pusey, fifty dollars.

" 6. To my nephew, Francis, son of my brother, Morris Wilkinson, my watch and chain.

" 7. I direct my executor to pay all money not herein disposed of, to 　　　　. In trust, nevertheless, the interest and rents to be paid to my wife, Hannah A. Wilkinson, during her life, and at her death, after deducting expenses and commissions, to pay to my nephews and nieces, share and share alike, the net balance, viz.: To Marshall F. and Mary P. Wilkinson, children of my brother, Francis and Susanna Wilkinson, to Edgar A. Wilkinson, Hannah A. Wallace and William M. Wilkinson, children of my brother, William M. Wilkinson, to Charles F. Cutler, Anna M. Paxson and Edith Keller, children of my sister, Elizabeth W. Cutler, to William C. Wilkinson, Caleb B. Wilkinson, Anna Mary Wilkinson, Sarah R. Wilkinson and Frank Wilkinson, children of my brother, Morris R. Wilkinson, Newlin F. Wilkinson, son of my brother, Marshall P. Wilkinson.

" 8. If any of my nephews or nieces named should not outlive my wife, Hannah A. Wilkinson, and not have children, their share is to be divided amongst the other nieces and nephews named in item 7.

" 9. If either of the aforesaid nieces or nephews should not outlive my wife, Hannah A. Wilkinson, and have child or children, his or her share shall go to their children, share and share alike.

" 10. Should any of my heirs give trouble to my executor or

my wife, causing expense or outlay, such expense or outlay to be charged to and deducted from the share of the person or persons causing said outlay or giving such trouble.

"11. I hereby appoint my wife, Hannah A. Wilkinson, my executor of this, my last will and testament, and authorize her with full power and authority to execute the same, as herein devised, and I do not require her to give security for the trust. She to have the privilege to call anyone to her assistance that she may desire, and authorize them to act for her or with her.

"(Signed)	JOHN P. WILKINSON.

"2d mo. 8th, 1894."

The aforesaid will was duly proved July 31, 1896, and letters testamentary were on the same day granted to Hannah A. Wilkinson.

Said Hannah A. Wilkinson made her will in her own handwriting, bearing date October 1, 1896, in language as follows, to wit:

"10-1-'96. Unionville, Chester Co., Pa. I, Hannah A. Wilkinson, do this day make this my last will and testament: Item 1. After payment of my funeral expenses and just debts, I give and bequeath to Anna T. Chambers, wife of David J. Chambers, all my possessions, wherever found, to which I have right claim or title. Item 2. I hereby make and appoint David J. Chambers, husband of Anna T. Chambers, my executor to this my last will and testament, made this day, 10-1-1896, he to have full power to make sale and collect all dues, not losing sight of collateral tax and his commissions, to which I append my name.	(Signed)	HANNAH A. WILKINSON.

"Witnesses,

"ELLEN J. LEWIS.

"MAURICE LEWIS."

The aforesaid will was duly proved November 18, 1896.

Letters of administration, with the will annexed, on the estate of John P. Wilkinson, were duly granted to Edgar A. Wilkinson, November 24, 1896.

It is contended on the part of the plaintiff that the will of John P. Wilkinson gives to Hannah A. Wilkinson only a life estate in the half interest of the real estate mentioned in item 2 of his will.

It is contended on the part of the defendant that the will of John P. Wilkinson gives to Hannah A. Wilkinson an absolute estate in fee simple in the half interest of the real estate mentioned in item 2 of his will.

If the court be of the opinion that the will of John P. Wilkinson gives to Hannah A. Wilkinson only a life estate in the half interest of testator in the real estate mentioned in item 2 of his will, then judgment to be entered for the plaintiff; but if the court be of opinion that the will of John P. Wilkinson gives to Hannah A. Wilkinson an absolute estate in fee simple in the half interest of the testator in the real estate mentioned in item 2 of his will, then judgment to be entered for the defendant.

Costs to follow judgment; either party reserving the right to sue out a writ of error or appeal therein.

The court entered judgment for the defendant in the case stated.

*Error assigned* was in entering judgment for the defendant.

*Wm. M. Hayes*, with him *J. Carroll Hayes*, for appellant.— Testator intended that his wife should have but a life estate in his interest in the residence property: Oyster v. Knull, 137 Pa. 453; Schaeffer v. Messersmith, 10 Pa. C. C. 368; Act of April 8, 1833, P. L. 250; Shirey v. Postlethwaite, 72 Pa. 39; Oyster v. Oyster, 100 Pa. 540; Presbyterian, etc., Missions v. Culp, 151 Pa. 470; Musselman's Est., 39 Pa. 469; Patton v. Church, 168 Pa. 321; Palethorp v. Bergner, 52 Pa. 149; Long v. Paul, 127 Pa. 463; 3 Jarman on Wills, 35; Holme v. Harrison, 2 Whart. 283; Terry v. Wiggins, 47 N. Y. 512; Sorver v. Berndt, 10 Pa. 214; Jarman's 16th Rule, 3 Jar. (5th Amer. ed.) 707; Finney's Appeal, 113 Pa. 18; Seibert v. Wish, 70 Pa. 147; 2 Williams on Executors (7th Am. ed.), 333.

*Thomas W. Pierce*, for appellee.—The widow took a fee: Morrison v. Semple, 6 Binn. 97; Clingon v. Mitcheltree, 31 Pa. 25; Foster v. Stewart, 18 Pa. 23; Schriver v. Meyer, 19 Pa. 87; McIntyre v. McIntyre, 123 Pa. 329; Schuldt v. Herbine, 3 Pa. Superior Ct. 65; Crosky v. Dodds, 87 Pa. 361.

OPINION BY MR. JUSTICE McCOLLUM, May 27, 1897:

The decision of the question raised by the case stated depends upon the interpretation or construction of the will of John P. Wilkinson, deceased. The question is whether under and by virtue of the will, his wife, Hannah A. Wilkinson, became at his death the owner in fee of the real estate in dispute. The plaintiff claims that the devise to her was of a life estate only, while the defendant as devisee of all her estate claims that it was of the fee. The devise in question is contained in item 2 of the will, and the operative words of it are: "I give to my wife Hannah A. Wilkinson for a home my one half undivided interest in the real estate on which I now reside." The description of the real estate which follows the operative words need not be inserted here. The claim of the plaintiff is based on the presence in the devise of the words " for a home." Without these words there would be no room for a contention respecting the nature of the estate devised. Do these words in the devise have the effect claimed for them? There is no provision in the will which strengthens the claim founded upon them. The authority given to the executor in item 3 cannot be construed as extending to and including lands specifically devised in items 2 and 5. A construction of it which would enable the executor to defeat specific devises of real estate cannot be sanctioned. The reasonable and proper construction of it is that which limits it to property not specifically disposed of by the will. This construction obviously accords with the intention of the testator in conferring the power to sell or lease.

The claim that the wife took an estate in fee by the devise in item 2 has some support in the fact that there was no devise over. This is not necessarily a controlling fact, but it is entitled to consideration in ascertaining the testator's intention in disposing of the land in suit. That he knew how to create a life use of or in his property when he desired to do so clearly appears in item 7 of his will.

The words " for a home " as used in the devise were not sufficient to restrict it to a life estate. They do not qualify in any degree the absolute gift to the wife of all the testator's interest in the land described in item 2. This view of the case is not opposed to the decision in Oyster v. Oyster, 100 Pa. 538. In that case the testator devised land to his son " for his support,"

and then over to his children who were to take as purchasers. The only question was whether the word " children " in the third clause of the will was a word of limitation or of purchase. It was held to be a word of purchase, and as a sequence that the son took but a life estate in the land. The third clause of the will, standing alone, evidenced an intention to give a life estate to the son. It was construed as a whole, and the strongest if not the only indication of the intention was the limitation over which was included in it. Oyster v. Knull, 137 Pa. 448, involved the construction of a similar clause of the same will, and the decision in it accords with the decision in the preceding case, and rests upon substantially the same grounds. Upon due consideration of the language of the devise and of all the provisions of the will, we concur in the conclusion of the learned court below " that Hannah A. Wilkinson took an estate in fee simple in the real estate described in the second item of the will of John P. Wilkinson, deceased." It follows from this conclusion that judgment was properly entered for the defendant.

Judgment affirmed.