George Stockham, Maggie Bell McMullen, Marian S. Thompson and George E. Stockham, Appellants, v. William R. Stockham, Maggie Boden Gosling, Charles M. Stockham, Alonzo S. Stockham, Jura P. Stockham and Carrie A. Hessenbruch.

*Partition—Equity—Vacation of street.*

An answer to a bill in equity in partition is insufficient which, after admitting the facts averred in the bill, alleges that the value of the property in suit has been greatly depreciated by an ordinance of the city vacating the street upon which it is located, and that " the defendants suggest, as the property cannot be divided, that it would not be advisable, and it would be highly inequitable and very prejudicial to their interests, and' to the interests of all parties interested, to enforce partition or distribution of the property aforesaid."

Argued March 22, 1898.    Appeal, No. 406, Jan. T., 1897, by plaintiffs, from decree of C. P. No. 3, Phila. Co., Sept. T., 1896, No. 874, on bill in equity.    Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ.    Affirmed.

Bill in equity for partition of real estate.

The plaintiffs averred that they were tenants in common of the premises in controversy with the defendants, in certain proportions as devisees under the will of George Stockham, deceased.

The defendants answered that the facts set forth in the bill were true, and that they, the defendants, are entitled to seventy-six (76) per cent of the entire interest in the premises; that by virtue of an ordinance of councils of the city of Philadelphia, approved April 3, 1894, East Norris street, aforesaid, in front of said premises, was vacated and stricken from the plan of streets of the said city; that thereby the value of the said prem-' ises has been greatly depreciated and the said property is now unsalable.

The defendants suggested, as the property cannot be divided, it would be highly inequitable and prejudicial to the interest of the defendants and the interests of all parties interested to enforce partition or distribution as prayed for.

Defendants further suggested that by virtue of the will of the said George Stockham, deceased, " the said trustees, or the survivor, shall have power, should they or he deem it advisable, to sell said house to any purchaser or purchasers, free and discharged from this trust, and without liability on the part of such purchaser or purchasers to see to the application of the purchase money."

They further suggested that the trustees had not been discharged, and should have been made party to this proceeding.

They prayed that the bill be dismissed, etc.

The case was heard on bill and answer, and the court entered the following decree :

And now, October 6, 1897, the cause coming on to be heard upon bill and answer filed, and it appearing that the facts set forth in the bill are admitted to be true by the answer, and the further facts set forth in the answer being insufficient objection in law to the relief prayed for by the bill, it is ordered and decreed that partition be had and made of the real estate described in the bill by and between the parties in interest.

*Error assigned* was the decree of the court.

*Samuel P. Hanson*, for appellants.—The vacation of the street, while on paper only, has greatly depreciated the value of the prop-

erty, and has made it practically unsalable. At the same time it is submitted that, as councils may change their intentions before this (paper) vacation is made absolute, by actual closing of the street to public use, the parties owning the property have no remedy for the damages sustained, and no action can be commenced against the city until after the street is actually closed. Parties seeking equity must do equity, hence this great injustice should not be forced upon the appellants, especially at the instance of such a small holding,—the complainants having less than a quarter interest in the property.

*J. Henry McIntyre,* for appellees.—The case was set down and disposed of on the bill and answers. In such cases the rule is that all material and relevant averments of fact contained in and proper for answer, must be accepted as true, whether the same be responsive to the bill or independent matters of defense; but of course, inferences either of law or fact, drawn by defendants from their own averments are not within the rule. Such inferences are solely for the court: Mazet v. City, 137 Pa. 548.

PER CURIAM, April 4, 1898:

We find no error in the decree from which this appeal was taken. There is nothing in the contention of the appellants that requires discussion.

Decree affirmed and appeal dismissed at appellants' costs.