## Martin v. Allen et al.

*Partition in equity—Averments in answer that plaintiff's title is bad and partition inexpedient.*

To a bill for partition by one claiming to be a co-tenant with defendants, an answer admitting the allegations of the bill as to the chain of title, but alleging that the conveyance to plaintiff of the interest of one of defendants was not *bona fide* or made for a full consideration, but was illegal and void and that proper legal proceedings will be taken to annul the deed, and that partition of the properties is not practical and cannot be made without great expense, undue loss and dissipation of the estate, is insufficient, and partition will be decreed.

Bill and answer. C. P. No. 5, Phila. Co., Dec. T., 1924, No. 8865, in Equity.

*Roper & Caldwell*, for plaintiff; *Brown & Williams*, for defendants.

MARTIN, P. J., July 16, 1926.—The bill of complaint filed in this case sets forth the title by which plaintiff claims to be a co-tenant with defendants, and prays for a partition of the properties described in the bill.

The answer admits the allegations of the bill as to the chain of title, but alleges that the conveyance to plaintiff of the interest of one of the defendants was not *bona fide* or made for a full legal consideration, but was illegal and void; that the plaintiff has not a real legal or *bona fide* interest in and to the premises, and states that proper legal proceedings will be forthwith taken to annul the deed.

The answer also avers that the interests of some of the parties defendant are inaccurately set out in the bill, and that a partition of the properties is not practical and cannot be made without great expense, undue loss and dissipation of the estate.

The correct shares to which the parties are entitled can be determined in the partition proceeding.

In Sill *v.* Blaney, 159 Pa. 264, it was said the defendants "are in possession of this land, and if a doubt, as alleged in regard to their title, is permitted to operate to defer partition until it is settled by an action at law, the delay would be indefinite and its effect would practically bar partition. Such a doubt, if existing, may, however, be determined in these proceedings for partition."

In the instant case, should the claim be sustained that the conveyance to plaintiff is void, the title will revert to his grantor, but it appears of record that judgment has been entered against the grantor *pro confesso.*

The mere assertion of a claim of title is not sufficient to defeat proceedings in partition. In Welch's Appeal, 126 Pa. 297, 302, 303, 304, there was a petition for partition in the Orphans' Court. It was said: "The Orphans' Court is essentially a court of equity and its proceedings regulated according to the principles of equity. (Bayley's Appeal, 60 Pa. 354.) May not the court then look into this testimony, upon this alleged claim of Daniel Welch, sufficiently far to determine whether or not it has any foundation in fact? For why should the court suspend proceedings in partition and compel the parties to go into the court of common law with their action of ejectment to determine a question of alleged title, which, upon a mere inspection of the testimony as it appears, is not sufficient to justify submitting to a jury. . . . It has been decided that in a proceeding in partition in the Orphans' Court the mere assertion of a claim of possession or title in one is not sufficient to defeat proceedings in partition; that if the petition sets out the name of the parties in interest and avers the fact of the holding in joint possession or as tenants in common and there is no denial of the facts averred in the petition for the

Martin *v.* Allen et al.

inquest, they are to be taken as admitted; that a mere naked claim to hold the real estate exclusive of the petitioner, showing neither title to the whole, nor exclusive possession in the claimant, is not sufficient, and that to prevail it must point out some defect in the petition or expressly aver title or adverse possession to justify the court to refuse to proceed."

Welch's Appeal, 126 Pa. 297, was followed in McMahon's Estate, 211 Pa. 292, in which it was held that the court was right to hear evidence of a denial by an heir of the tenancy in common, and if it was insufficient to justify submission to a jury, the court should proceed with the partition.

The fact that the properties cannot be divided or that partition is inadvisable is not a bar to the proceeding: Stockham *v.* Stockham, 185 Pa. 337.

And now, to wit, July 16, 1926, the cause coming on to be heard upon bill and answer, and it appearing that the material facts set forth in the bill are admitted to be true by the answer, and that the further facts set forth in the answer are insufficient to prevent the relief prayed for by the bill, it is ordered and decreed that partition be had and made of the real estate described in the bill by and between the parties in interest.