JAMES W. ARROTT, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL OF INTERNAL REVENUE, RESPONDENT.

CHARLES F. ARROTT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ALBERT E. ARROTT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 39465, 39466, 39467.   Promulgated May 29, 1931.

*James S. Crawford, Esq.*, for the petitioners.
*O. W. Swecker, Esq.*, for the respondent.

OPINION.

TRAMMELL: The facts in these proceedings were stipulated by the parties, and a single issue of law is presented involving the right of the petitioners to certain deductions from gross income claimed by them in their respective returns for the taxable years.

In computing the net income of the decedent's estate for the year 1924, the trustees deducted depreciation on the Arrott Office Building and Arrott Power Building in the amount of $11,095, which was increased by the respondent to $12,522.80 on account of capital additions not included in the trustees' original computation. The amount of the allowable deduction for depreciation is not here in dispute.

Each of the petitioners in reporting his taxable income deducted one-sixth of the depreciation claimed by the trustees of the estate. Each petitioner also deducted from gross income for 1925 an amount claimed to represent his proportionate share of the loss sustained on the sale of the Arrott Office Building in said year. The amount of this loss likewise is not in dispute here, but the question is whether

484

a trust estate was created by the decedent's will, and if so, whether the deductions are allowable to the estate or to the devisees under the will.

The respondent disallowed the said deductions claimed by the petitioners, on the following grounds:

It is evident * * * that a legal trust was created as to the decedent's residuary estate; that up to January 1, 1910 the executors (also trustees) were expressly prohibited from distributing the residuary estate and that subsequent to January 1, 1910 the distribution of the residuary estate which constituted the corpus of the said trust, was left entirely to the discretion of the trustees of the said trust. The facts also disclose that the executors (also trustees) exercised the power granted to them by the decedent's will and retained title in trust to the Arrott Office Building, the only remaining undistributed asset of the trust, until the year 1925 when such property was sold at a loss to them as such trustees and not as devisees. During the interval between decedent's death in 1902 and 1925, the year in which the said Arrott Office Building was sold, the rental net income only from this property was distributed to the residuary beneficiaries. * * *

It is therefore held that the rights of the beneficiaries of this trust until the termination of the said trust subsequent to the sale of the corpus of the trust in 1925, was in the income only. Accordingly, the action of the Bureau in disallowing the deductions in question is sustained * * *.

The Revenue Acts of 1924 and 1926 contain the following identical provisions:

SEC. 219. (a) The tax imposed by Parts I and II of this title shall apply to the income of estates or of any kind of property held in trust, including—

(1) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests, and income accumulated or held for future distribution under the terms of the will or trust;

(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, * * *

(3) Income received by estates of deceased persons during the period of administration or settlement of the estate; and

(4) Income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated.

It is further provided in subdivision (b) of section 219, with exceptions not material here, that the tax shall be computed on the net income of the estate or trust, and shall be paid by the fiduciary. However, the net income taxable to the fiduciary is computed by deducting the amount of the income which is properly paid or accrued during the taxable year to the beneficiary, and the amount so paid or accrued is taxable to the latter.

As between the fiduciary and the beneficiary, deductions for depreciation and loss on sale of capital assets are allowable to the one to whom the income is taxable and who holds the legal title to the property which produces the income. Stated conversely, the beneficiary is not entitled to such deductions in respect of property comprising the corpus where he has no presently existing interest therein.

In *Baltzell* v. *Mitchell*, 3 Fed. (2d) 428; certiorari denied, 268 U. S. 690, it was held that the beneficiary of a life estate was taxable on the income actually received by or distributable to him without deduction for losses to the capital of the estate incurred during the year. See also *Sophia G. Coxe*, 5 B. T. A. 261.

In *George M. Studebaker et al.*, 2 B. T. A. 1020, the decedent bequeathed and devised the residue of his estate directly to trustees named in his will, such property to be held in trust by them for specified purposes and upon stated conditions. The beneficiaries having no present interest in the trust corpus, we held that they were not entitled to deduct pro rata in their individual tax returns a net operating loss of the trust.

Applying the same principle in *Louise P. V. Whitcomb et al.*, 4 B. T. A. 80; affd., 25 Fed. (2d) 528, we held that the beneficiaries who were life tenants only, under a testamentary trust, were not entitled to deductions for depreciation of capital assets of the trust estate.

In *Julia N. DeForest*, 4 B. T. A. 1059, the petitioner and others, being owners of undivided interests in a patent and licenses issued thereunder, transferred their interests to a trustee for the purpose of collecting royalties, paying expenses and turning over the net income to the same persons who had theretofore owned the patent and licenses, and who continued to own them beneficially to the same extent. Thus, the beneficiaries were also the remaindermen. The petitioner there was the real owner of property which she had merely placed in the hands of another to manage for her. We held that she was entitled to deductions for exhaustion of her interest in the patent. Cf. *Trudie T. Munger et al.*, 16 B. T. A. 168; *Merle-Smith* v. *Commissioner*, 42 Fed. (2d) 837.

In the instant case, then, the issue raised suggests the following questions: Did the decedent by the provisions of his will create a legal trust, and, if so, did the petitioning beneficiaries have such present rights in the corpus of the trust estate as to entitle them to the deductions claimed? Who were the real owners of, and who held the legal title to, the decedent's residuary estate at the time of the sale of the Arrott Office Building in 1925?

The issue is ruled by the laws of Pennsylvania, and for the answers to these questions we must look to those laws as declared by the Supreme Court of that State.

By the provisions of his will, the decedent directed that his entire residuary estate should be divided into six equal shares. Two of said shares the decedent specifically *devised and bequeathed to his executors* therein named to be held in trust by them for his two daughters during their natural lives. In respect of these two shares

in the residuary estate, it seems clear that a legal trust was created, and no question on this point is here raised. However, the four remaining shares the decedent did not expressly devise and bequeath to his executors, but, subject to certain limitations to which further reference will be made, he gave, devised and bequeathed the same to his four sons, William, James, Charles and Albert, of whom the last named three are petitioners herein.

The shares in the residuary estate devised by the decedent to his sons were subject to the following provisions of the will:

> I direct, however, that the general settlement and division of my residuary estate shall not be made before January first, nineteen hundred and ten (1910). During the interval which may occur between my death and the general settlement and division of my residuary estate, my executors hereinafter named, the survivor and successor of them, shall have full management and control of said estate, in trust, to pay over the income derived therefrom as the same is got in and received, less necessary expenses, in equal shares to my said children, the issue of any deceased child to represent and take the share of such deceased child. * * *

> I appoint my wife * * * and my four sons * * * executors of and trustees under this will, with power to sell and convey the real estate not hereinbefore specifically devised, upon such terms, at such prices as they may think proper, and to make, execute and deliver good and proper deeds therefor, without any liability on the part of the purchaser to see to the application of the purchase money.

At and for a long time prior to the decedent's death, the law was well settled in Pennsylvania that neither an administrator nor an executor, unless authorized by the will of his testator or, in the absence of a will, by the heirs, had any right of control or management of real estate which descended to the heirs or was devised, and if such personal representative collected the rents arising from real estate, he acted either as an intermeddler, or, if authorized, as the agent of the heirs or devisees, as the case might be. *George L. Craig et al.*, 7 B. T. A. 504, 516, citing: *Haslage* v. *Krugh*, 25 Pa. 97; *Fross' Appeal*, 105 Pa. 258; *In re Duffy's Estate*, 209 Pa. 390; 58 Atl. 840; *In re Blodgett's Estate*, 254 Pa. 210; 98 Atl. 876; *In re Watt's Estate*, 168 Pa. St. 431; 32 Atl. 25; *In re Reel's Estate*, 263 Pa. 248; 106 Atl. 227; *Kreise* v. *Cartledge*, 262 Pa. 55; 104 Atl. 855. See also *Wilkinson* v. *Chambers*, 181 Pa. 437; 37 Atl. 569.

It follows that, in the case at bar, the provision of the will that the executors should have full management and control of the residuary estate to pay over the income therefrom to the decedent's children constituted the executors agents of the devisees for the purposes stated, and did not otherwise affect the title to the real estate devised to and vested in the devisees by the seventh section of the will.

Nor did the use of the words "in trust" in connection with the "full management and control" clause create a legal trust or vest

title to the residuary real estate in the executors. In *Freedley's Appeal*, 60 Pa. 344, the court pointed out that the words " in trust " may not import a strictly technical trust, but a mere confidence, and in *Sill* v. *Blaney*, 159 Pa. 264; 28 Atl. 251, the Supreme Court of Pennsylvania held that a " trustee " appointed by the will to collect rents to be applied to the support and maintenance of the decedent's family was a mere agent in whom no title vested.

In addition to management and control of the residuary estate, decedent also provided in his will that the executors and trustees should have " power to sell and convey the real estate not hereinbefore specifically devised, upon such terms, at such prices as they may think proper, and to make, execute and deliver good and proper deeds therefor."

The Arrott Office Building was not specifically devised in the will, and the foregoing provision, whatever may be its effect, is therefore applicable to this property. Did the decedent's executors and trustees thereby acquire the legal title?

The general rule, which also obtains in Pennsylvania, is thus stated at 24 Corpus Juris, sec. 595:

Where the testator authorizes or directs the executor to sell the land, this gives him, according to the preponderance of authority, only the naked power of sale and does not vest in him the title.

This question has been before the Supreme Court of Pennsylvania in numerous cases, and that court has uniformly held that where power is merely *granted* to the executors to sell real estate, but they are not specifically directed to sell, and there is no absolute necessity of sale in order to carry out the provisions of the will, the executors may not exercise such power.

In *Eberly* v. *Koller*, 209 Pa. 298; 58 Atl. 558, where the executors were " authorized and empowered " to sell at public or private sale all or any part of the real or personal estate, not specifically bequeathed or devised, and to execute and deliver good and sufficient deeds for all real estate sold, the court held that in the absence of any necessity to sell the real estate, the executors could not make title. And in *Kreise* v. *Cartledge*, *supra*, the court held that the power to sell, under such circumstances, must be limited to the ordinary purposes incident to the settlement of the estate.

In *Marr's Estate*, 240 Pa. 38; 87 Atl. 621, the court said:

Testator in authorizing a sale of the realty provided at most simply a means that might be employed to produce equal division, not an object to be attained, and there is no conversion.

In *Dunshee* v. *Dunshee*, 234 Pa. 550; 83 Atl. 422, the heirs brought suit in equity for partition. The decedent had provided in his will that the executors might sell his real estate and make deeds to the

purchasers. The court held that the heirs were entitled to partition, saying:

Admittedly there is no positive direction to sell. The will says: "My executors may sell my real estate." A direction to the executor to make division of the estate does not take away the right to demand partition * * *. Nor does it appear here that there is any absolute necessity for the executors to sell in order to carry out the provisions of the will.

In the instant case the decedent appointed his wife and four sons executors of and trustees under his will, "with power to sell and convey the real estate." Clearly this language did not constitute a positive direction to sell, nor at the time of the sale of the property was it in any wise necessary for the executors to sell the real estate in order to carry out the provisions of the will or to attain any object contemplated therein.

The stipulated facts show that the Arrott Office Building was sold in 1925, and that prior to 1910 the executors had paid all the debts, funeral expenses, administration expenses and legacies and that prior to 1924, substantially all the testator's property had been distributed to the residuary legatees, with the exception of the office and power building.

Under the cited decisions of the Supreme Court of Pennsylvania, and particularly *Eberly* v. *Koller*, *supra*, the executors, in the circumstances shown, had no title to the Arrott Office Building in 1925, and transferred no interest therein by their deed of January 21, 1925, to the Arrott Land Company. In respect of the property here in question, namely, the respective shares of the petitioners in the residuary real estate, the executors were merely agents of such devisees with authority to collect and distribute the rental income after payment of necessary expenses. The income received by the executors as such agents was income received by their principals, the petitioners herein, and they are entitled to the deductions claimed.

However, even if the provisions of the decedent's will could properly be construed as creating a legal trust, nevertheless, the petitioners were the sole beneficiaries of and entitled to receive the income derived from their respective shares in the residuary estate which constituted the corpus of the trust, and were at its termination entitled to the reversions. They were not only the beneficiaries under the trust, if any, but also the remaindermen. They were the real owners of the property, the only persons having any interest therein, either present or prospective, and as such, under our decisions in *Julia N. DeForest*, *supra*, and *Trudie T. Munger et al.*, *supra*, they are entitled to the deductions claimed on account of depreciation and loss on sale of the capital assets.

The action of the respondent is reversed.

*Judgments will be entered under Rule 50.*