## Marr's Estate.

*Wills—Construction—Conversion of realty into personalty.*

1. The rule is well established that to effect a conversion of real estate into personalty by will, there must be a positive direction to sell, or it must be necessary to sell in order to carry out the provisions of the will, or there must be a blending of the real and personal property which creates a single fund out of which the beneficiaries are to be paid.

2. Where a testator, after making various pecuniary bequests, divided his estate into equal shares among collateral kindred, and empowered his executors to sell the realty, and gave them five years "to dispose and settle" his estate, the personal property being sufficient for the payment of debts and pecuniary legacies, such testator in authorizing a sale of the realty provided at most simply a means that might be employed to produce equal division, not an object to be attained, and there is no conversion.

*Taxation—Collateral inheritance tax—Appraisement—Real estate in another state.*

3. Real estate of a testator not situated within the State, and not converted into personalty by the will, is not subject to collateral inheritance tax and should not be included in a collateral inheritance tax appraisement.

Argued Feb. 18, 1913. Appeal, No. 27, Jan. T., 1913, by the Commonwealth, from decree of O. C. Schuylkill Co., General Docket, No. 6, page 533, sustaining appeal from collateral inheritance tax appraisement In re Estate of William A. Marr, deceased. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Appeal from collateral inheritance tax appraisement.
WILHELM, P. J., filed the following opinion:

This is an appeal from the action of the appraiser, appointed by the register, to make an appraisement of the estate of the decedent for the purpose of fixing the amount of collateral inheritance tax due the State. It appears the appraiser included in his appraisement real estate situate not within the Commonwealth valued at $53,203, and the purpose of this appeal is to obtain an adjudication of the single question whether or not the will of the decedent worked a conversion of this real estate into personalty thereby subjecting it to collateral inheritance tax payable to the State of Pennsylvania.

The parts of the will pertaining to the question in dispute are as follows:

"Sixth—I herewith give, devise and bequeath the remainder of my estate in equal shares to my sisters Helen M. Crawford and Henrietta M. Lister, and to my brothers A. G. Marr and George A. Marr—in equal shares and in case of the death of any of them before myself—the share of the one dying, shall go to their children or heirs of their bodies in equal proportions. It is my wish and direction that my sister, Henrietta M. Lister, being without issue—shall upon my decease im-

mediately make a will, devising and bequeathing her interest in my estate or what she may receive from me by virtue of my will, in equal shares to her brothers A. G. Marr and George A. Marr or their heirs, in case of their decease, or of the decease of either of them.

"Seventh—I hereby nominate and appoint my brothers A. G. Marr and George A. Marr the executors of this my last will and testament and I hereby direct the same not to file any inventory of my estate, but to exhibit to my brothers and sisters who are devisees or legatees under my will within six months after my decease a memoranda of my estate. I also herewith authorize and empower my within named executors or the survivor of them, to sell and dispose, either at public or private sale, all of my real estate, or personal or mixed property at such times and for such price or prices as they may deem best and do herewith authorize them, or the survivor of them, to give, execute, and deliver, good and sufficient deeds or bills of sale for the property thus sold wherever it may be located, and for this purpose I herewith give them five years—so as not to needlessly sacrifice any part of my estate. By giving five years to dispose and settle my estate, I do not intend to delay the distribution of such assets as I may die seized of—as they may be able to distribute to those entitled to same at an earlier period."

The rule is well established that when real estate is not situate in this State the Commonwealth has no claim upon it for collateral inheritance tax and it has long been settled, to effect a conversion of real estate into personalty by will, there must be a positive direction to sell, or it is necessary to sell in order to carry out the provisions of the will, or there has been a blending of the real and personal property which creates a single fund out of which the beneficiaries are to be paid. In this case there can be no pretention that there is a positive direction to sell. The executors are authorized and empowered to sell and in order that no part of the estate

may be sacrificed they were given five years in which they may exercise this power. Unless it can be gathered from the entire will, it was the intention of the testator to divide his estate among his legatees as money and not as land, it must be held there is no conversion into personalty. The rule is, the intent of the testator is to be gathered from the four corners of the will rather than from the terms of a particular devise, which regarded alone, might be inconsistent with the scheme of the will as a whole: Dean v. Winton, 150 Pa. 227. In Hunt's App., 105 Pa. 128, it is said a conversion is always a question of intent and where there is a necessity to sell in order to execute the will, or a blending of the real and personal property as to clearly show that the testator intended to create a fund out of both the real and personal property and to bequeath the fund as money, a conversion is effected.

Applying these well settled principles to the case at bar we can find no absolute necessity to sell in order to carry out the provisions of the will. The value of the personal property is far in excess of the value of the real estate, and much more than sufficient to pay all bequests of money; there are no debts due the decedent by any of his legatees that make a sale of the real estate necessary in order to ascertain the shares due each. There are no shares effected by a valuation to be fixed by the executors and bequeathed in certain proportions, some share absolute and others to be held in trust, which would render a sale of the real estate necessary as in Fahnestock v. Fahnestock, 152 Pa. 56. There is no direction in the will to distribute the whole of the estate, the distribution by the executors is limited to such assets as the testator may die seized of—as they may be able to distribute to those entitled before the end of five years, the period fixed for the final settlement of the estate. There has not been a blending of the real and personal property which creates a fund out of which the beneficiaries are to be paid: Martin

v. Provident Life & Trust Co., 235 Pa. 281. Effect can be given to every provision of the will without the sale of the real estate. Equitable conversion takes place only when the will discloses a clear intention that the nature of the property shall be changed and is a question of intention: Severns's Est. (No. 1), 211 Pa. 65.

The Commonwealth attached considerable importance to the clause of the will which gave to the executors five years "to dispose and settle" the estate. The words "settle" and "dispose" no doubt were used by the testator advisedly, because he was a man of education, having been a practicing attorney for many years at this bar; during the last part of his life he served a term of ten years as judge of our courts. Therefore, it is fair to assume he gave to the word "dispose" its correct shade of meaning and regarded it as a synonym of "settle" and purposely avoided the expression "dispose of," which might be construed as a direction to his executors to sell. The fact that the testator extended the time for the settlement of his estate to five years is not important to this issue. His reason therefor was sound, because in an estate of this magnitude and diversity it could best be conserved by taking ample time for its settlement.

It was contended at the argument that the beneficiaries under the will could have no partition of the real estate during the period given to the executors to settle the estate, therefore, a conversion was effected. We cannot agree with this proposition, a man can dispose of his estate by will and postpone the full enjoyment of it without effecting an equitable conversion of his real estate.

The cases cited by the appellee do not rule this case. In Dalrymple's Est., 215 Pa. 367, and Miller's Est., 182 Pa. 157, there was an express direction to sell. In Miller v. Commonwealth, 111 Pa. 321, the direction to sell was absolute. In Hardy's Est., 20 Pa. D. R. 379, there was not only a positive direction to sell but if the sale had not been made it would have been impos-

sible to carry out the scheme of the will. In Roland v. Miller, 100 Pa. 47, the testator made no disposition of his real estate. In the case at bar, the remainder of his estate, which included both real and personal property, was devised and bequeathed.

It was held in Darlington v. Darlington, 160 Pa. 65, that a power to sell for the payment of debts did not work a conversion. In Hunt's App., 105 Pa. 128, it is said authority to sell, rent and partition an estate to pay debts and legacies did not effect a conversion. It was decided in Chew v. Nicklin, 45 Pa. 84, a power to sell or partition did not result in a conversion. In Raleigh's Est., 206 Pa. 451, a conversion was not worked by a power to sell and divide an estate into lots. In Sheridan v. Sheridan, 136 Pa. 14, it was decided a power to sell to make distribution does not work a conversion but a direction to sell would effect a conversion.

A careful reading of this will leads us to the conclusion that the power of sale was given for the purpose of conservation of his estate, that it was not the intention of the testator to dispose of his estate as money and that the authority to sell given to his executors was at most simply a means that might be employed to produce equal division and was not an object to be obtained: Yerkes v. Yerkes, 200 Pa. 419. The real estate not situate in this State, not having been converted by the provisions of the will, it is not subject to collateral inheritance tax.

And now, August 26, 1912, the appeal is sustained.

*Error assigned,* amongst others, was the decree of the court.

*William Wilhelm,* for appellant.—The power of sale taken in connection with the direction "to dispose and settle" the estate in five years from testator's death, evidences testator's intention that the realty should be con-

verted: Fahnestock v. Fahnestock, 152 Pa. 56; Keim's Est., 201 Pa. 609.

*Dwight M. Lowry,* with him *Lowrie Montgomery* and *George M. Roads,* for appellees.—The will contains no positive direction to sell; only a power: Yerkes v. Yerkes, 200 Pa. 419; Hunt's App., 105 Pa. 128.

The provisions of the will can be carried out without a sale of the realty.

There is no blending of the real and personal property to create a fund out of which beneficiaries are to be paid: Martin v. Provident Life & Trust Co., 235 Pa. 281; Dalrymple's Est., 215 Pa. 367; Seeds v. Burk, 181 Pa. 281.

PER CURIAM, March 17, 1913:

The decree is affirmed on the opinion of the learned judge of the Orphans' Court.