## Lafferty's Estate (No. 2).

Argued January 3, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*William N. Trinkle,* with him *Frank F. Truscott* and *John C. Bell,* of *Bell, Trinkle, Truscott & Bell,* for appellant.

*Francis A. McCarron* and *Daniel C. Donoghue,* for appellees.

OPINION BY MR. JUSTICE KEPHART, March 27, 1933:

This is a separate appeal and should be read with the preceding case, as it concerns the will of Charles Lafferty. It is contended by appellants that items 11, 12 and 13 effected a conversion of the real estate in the trust, vesting a larger share of the estate of Rose Carr in appellant.

There are no specific orders or directions in testator's will to convert; nor is it pretended that there is any necessity by reason of any blending of real and personal estate or for any other reason for the sale of the real estate in order to carry out the provisions of the will.

The powers of sale conferred on his executors and trustees for the administration of the real estate so long as it continued to be held in trust were purely discretionary. The will authorizes the trustees to sell "When

they consider it for the advantage of my residuary estate," real estate "which may be less productive than the price for which it may be sold," or "for the purpose of squaring lines in preparation for the sale of lots," or when "advantageous [for] my vacant grounds." All of these are discretionary powers as the court below very properly says: "All of these delegated rights are inconsistent with the theory of an equitable conversion," citing Davidson v. Bright, 267 Pa. 580; Shugars v. Chamberlain A. E., Inc., 284 Pa. 200.

The 13th item provides that when the trusts shall terminate and the issue shall be entitled to their shares, the executors and trustees "shall forthwith settle their accounts in the Orphans' Court and make division of the effects in their hands, according to the rights of the parties in interest, under the decree of the said court." It is urged that the governing consideration of this item worked a conversion. We pointed out in Seeds v. Burk, 181 Pa. 281, that a direction "to divide and pay over," used in connection with both real and personal estate, does not necessarily work a conversion, since land as well as personalty may be subject to a division of this kind. Item 13 of the will is no more expressive or emphatic than the words "to divide and pay over." Distribution of the corpus "according to the rights of the party" does not necessarily imply that the real estate must be sold in order to distribute according to the rights of the parties. The direction "shall forthwith settle their account" does not carry with it any implication the account must be settled by reducing all items to cash; and in the direction "make division of the effects in their hands" the word "effects" is comprehensive enough to include property of any kind or whatever can be termed of value. It is an inclusive expression which embraces any kind of property, real, personal or mixed, including things in action, land and tenements: 19 C. J. 1017,

472

Appellant relies on Crozer v. Green, 298 Pa. 438. Under the facts of that case the decision was clearly correct; it determined whether a testamentary power of sale had ended. In reviewing the case it was necessary to ascertain what purposes the testator had in mind when he created the power and to determine whether that purpose had been fully accomplished. In order to reach the conclusion in that case, the court did not rely solely on the use of the words "pay over" in connection with the distribution of corpus. The court relied upon the entire context of the will and other relevant facts which made it necessary that the conversion take place.

The words used in items 11, 12 and 13, separately or collectively, are not sufficient to work a conversion since the real estate may be divided in kind, or the residuary beneficiary may succeed to the real estate as in Martin v. Provident L. & Tr. Co., 235 Pa. 281. This renders unnecessary any further discussion of the questions presented.

The decree of the court below is affirmed, costs to be paid from the estate.