## Shareff's Estate.

466

Argued October 10, 1940.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

■■■■■■■■■■■■

*J. Joseph Stratton,* for appellant.

*Alma H. Arnold,* with him *David S. Molod* and *Paul Uetz,* for appellees.

OPINION BY HIRT, J., January 30, 1941:

On December 4, 1923 judgment was confessed on a note for $1,000 given by Abraham Shareff to Reuben Shareff, his son. Abraham died on November 9, 1925 and on August 23, 1927 the judgment and the note, then past due, were assigned to appellant. Interest was paid thereafter by Abraham's executors and trustees out of income from his estate in full to June 4, 1934. The judgment when entered was a lien on Abraham's real estate, but not until August 8, 1934, over eight years after the date of death of decedent, was a scire facias issued in an attempt to revive its lien. The result of this proceeding on scire facias was merely to establish that the judgment was an unpaid debt; the lien on decedent's real estate was irrevocably lost by the failure to revive within five years. *Shareff, to use, (Horn, Ap.) v. Wolf et al.,* 120 Pa. Superior Ct. 227, 182 A. 115. The personal property of this decedent was insufficient for the payment of his debts including the note and judgment in question, and it is appellant's contention that the will of Abraham Shareff worked a conversion of his real estate and that she is entitled to the income to apply on her judgment and, ultimately, to the payment of principal in full out of decedent's real estate. The lower court on the audit of both the executors' and the trustees' accounts consistently limited its payment to the personal property and awarded a fund of less than $100 available for distribution, to appellant, which exhausted the personal

estate. The assignments of error all relate to the single question; does the will of decedent work a conversion of his real estate?

The will after a number of specific bequests of personal property and a devise of a small lot, not involved here, gave the residue to trustees "To hold the same and keep the same invested and to collect the rents, ...... and to pay all charges for taxes, water rents, etc., and to make all necessary repairs." During life or until remarriage the use of "the first floor of the premises 533 Lombard Street" was given to testator's widow; her right to cease upon the sale of the premises by the trustees. In the event of the sale of land at 609 DeLancey Street "during the lifetime" of the widow the trustees were directed to pay her $1,000 from the proceeds. Then followed provisions authorizing the sale of any and all real estate and directing the payment of an annuity to the widow from the proceeds, the remaining estate to be held upon certain trusts.

A conversion will never be enforced in doubtful cases for it is a fiction "invented to sustain and carry out the intention of the testator or settler, never to defeat it." The law does not favor a conversion. *Schoen's Estate,* 274 Pa. 28, 117 A. 448; *Loew's Estate,* 291 Pa. 22, 139 A. 582. Therefore the presumption "is always against conversion, and even where it is required, it must be kept within the limits of absolute necessity": *Sauerbier's Estate,* 202 Pa. 187, 51 A. 751. If the testator's intention is not expressly stated it must be deduced from the whole instrument rather than from the terms of isolated provisions which, regarded alone, may be inconsistent with the testator's scheme as a whole. *Marr's Estate,* 240 Pa. 38, 87 A. 621. To work a conversion there must appear (1) a positive direction to sell, or (2) an absolute necessity to sell in order to execute the will, or (3) such blending of real with personal estate by the testator as to clearly show that he

intended to create a fund from a combination of both and to bequeath that fund as money. *Hunt's* and *Lehman's Appeals,* 105 Pa. 128. These are the tests to be applied, as indicated in a long line of cases and as recently as *Suppes' Estate,* 322 Pa. 385, 185 A. 616.

Two distinct powers of sale are contained in the will as follows: "I hereby *authorize and empower my said executors* hereinafter named, to sell and dispose of any and all real estate of which I may die seised ......"; similar authority was given the trustees who took the residue, including the real estate in question "To sell and dispose of any and all real estate of which I may die seised and which forms a part of the said trust estate, at either public or private sale for such price or prices as to them shall seem best, *whenever in their discretion it may be to the best interest of the said trust estate so to do* ......" (Italics supplied). Certainly the executors were given no more than *authority* to sell and the phrase in the will relating to sales by the trustees, "whenever in their discretion it may be to the best interest of the said trust estate so to do" imports merely a discretionary power to sell. The will indicates an intention that the residuary estate be conserved as a whole by the trustees subject to the provisions for the support of his widow, for the benefit of the ultimate remaindermen. The contingency, when the estate might benefit by a sale of the real estate, may never arise and ultimate distribution may be made, in the best interest of the estate, to the remaindermen in kind. The trustees were not obliged to sell even if an advantageous opportunity presented itself. *Lafferty's Estate (No. 2),* 311 Pa. 469, 167 A. 49; *Green v. Simpson,* 49 Pa. Superior Ct. 334. No real estate has been sold; the widow is still living and has not remarried. "Until conversion actually takes place, land is still land," (*Schoen's Estate,* supra) "unless there is an im-

perative direction to sell": *Davidson, Exrx., v. Bright,* 267 Pa. 580, 110 A. 301.

The sale of the real estate was not absolutely necessary to the execution of the will under its general scheme. A testator at the time of making a will may overestimate the value of his personal estate or he may anticipate additions to it during his lifetime which never materialize, or his personalty may be sufficient for the payment of debts and legacies when the will is executed and may become inadequate by subsequent depreciation in value. The personal property was insufficient for these purposes in this estate. But that fact does not work a conversion from necessity. Even a power of sale for the payment of debts does not in itself work a conversion. *Davidson, Exrx., v. Bright,* supra. The question of conversion is to be determined from the intention of the testator from the will itself and is not affected by the accidental fact that the personal estate may prove insufficient for the payment of legacies or decedent's debts. *Reel's Estate,* 272 Pa. 135, 116 A. 107.

Even a blending of real and personal estate by a testator will not work a conversion by implication without a clear intent to create a common fund and to bequeath it as money. *Chamberlain's Estate,* 257 Pa. 113, 101 A. 314; *Schoen's Estate,* supra; *Chesnut et al. v. Chesnut et al.,* 300 Pa. 146, 151 A. 339. The scheme of the present will as indicated by its provisions discloses no such intention. Under the will the widow was given the right to the use of one piece of land *as real estate* and another provision gave her $1,000 from the sale of land *"providing the premises are sold by my trustees during her lifetime."* These provisions are inconsistent with a positive direction to sell and negative an intention of blending real with personal estate for the purposes of distribution. They treat real estate as land and not as money.

The fact that interest was paid on the indebtedness

out of the rentals of real estate after decedent's death, even if agreed to by the beneficiaries under the will, does not give appellant the right to future income out of the real estate after termination of the agreement. If appellant intended to look to the real estate she either should have revived the lien of her judgment within five years from the date of death of decedent (*Reel's Estate*, supra; *Shareff, to use, (Horn, Ap.) v. Wolf et al.*, supra) or applied to the court under §14 of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS §503 for an order directing the executors to collect the rents and account for them as personal estate. Appellant did neither. The real estate is still real estate and it and the income therefrom are no longer liable for decedent's debts.

Decree affirmed.