## Graham's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, and Ladner, JJ.

*Herman Toll* and *B. D. Oliensis*, for petitioner.

STEARNE, J., May 2, 1941.—A creditor who has failed to comply with section 15 (*a*) of the Fiduciaries Act of June 7, 1917, P. L. 447, and has thereby lost her lien upon decedent's real estate, now petitions this court for a citation against the devisees of the real estate, to show cause why the executor should not be directed and authorized to collect the rents accruing until April 1, 1945, for the payment of decedent's debts, under section 14 of the Fiduciaries Act of 1917, supra.

The petition must be refused. We are unanimously of opinion that the only creditors who may invoke the aid of section 14 of the Fiduciaries Act are those who have preserved their liens upon the real estate.

After the lien has been lost, and the land itself has been freed from the debts of decedent, it would be a most curious and extraordinary situation if the *rents* from the land, wherein the creditor has no further interest, may, nonetheless, be passed to such creditor on account of her debt. We can attribute no such intent either to the drafters of the Fiduciaries Act or to the legislature.

Section 14 of the Fiduciaries Act reads as follows:

"Rents of real estate accruing after the death of the owner of such real estate, who shall die on or after the day on which this act shall go into effect, shall be assets for the payment of debts of such decedent whenever the personal estate shall be insufficient therefor. Whenever the personal estate of such decedent shall appear to be probably insufficient for the payment of debts, the orphans' court having jurisdiction of the accounts of the executor or administrator shall, upon application of any creditor of the decedent, or upon application of the executor or administrator or of any other person interested, authorize and direct the executor or administrator to collect such rents for such period as the court shall fix. In such case the executor or administrator shall have power to collect such rents by action at law, distress, or otherwise, as the decedent in his lifetime might have done as to rents of such real estate; and rents so collected shall be accounted for by the executor or administrator in his account of the personal estate of the decedent."

Section 15 (*a*) of the act reads as follows:

"(a) No debts of a decedent, including the cost of settlement of the estate and the funeral expenses of the decedent, except as provided in clauses (b), (g) and (h) hereof, shall remain a lien on the real estate of such decedent longer than one year after the decease of such debtor, unless within said period an action for the recovery thereof be brought against the executor or administrator of such decedent; and such action shall be indexed, within said period, against the decedent and such executor or administrator, in the judgment index in the county in

which such action is brought, and also in the county in which the real estate sought to be charged is situate, and be duly prosecuted to judgment; and then to be a lien only for the period of five years, unless the same be revived by writ of scire facias against the decedent, his heirs, executors or administrators, and the devisee, alienee, or owner of the land sought to be charged, in the manner now provided in the case of the revival of judgments."

As decided in Miles' Estate, 272 Pa. 329, 339, Tarlo's Estate, 315 Pa. 321, 325, and Morgan's Estate, 340 Pa. 465, 466, when the legislature adopted the Fiduciaries Act it did so with the intent that it should have the effect which the commissioners designed and pointed out to the lawmakers.

The commissioners' note to section 14 (p. 134 of Report of the Commission Appointed to Codify and Revise the Law of Decedents' Estates) reads as follows:

"Note.—This is a new section. Land in Pennsylvania has been an asset for the payment of debts, at least since 1693; Laws Made at Philadelphia, c. 14; but until the land has been brought into administration either by the provisions of the will or by process of law, it belongs to the heir or devisee, who is consequently entitled to the rents; and even where the estate is insolvent an executor or administrator, and consequently the creditors, have no right to the interim rents: Fross's Appeal, 105 Pa. 258. This does not appear to be just, for the devisee or heir should have no right to anything until the debts are paid; and the Commissioners recommend this change in the law in order that this inequality may be corrected.

"Furthermore the application of the rents during the period of administration to the payment of debts may in some cases obviate the necessity for a sale and perhaps a sacrifice of the real estate."

In the commissioners' note to section 15 ($a$) it is pointed out that prior to the Act of April 4, 1797, 3 Sm. L. 296, the lien of decedent's debts was of "indefinite duration". By

the various acts therein noted this period was successively reduced to seven, five, and two years, whereas the proposed act was to further reduce such period to one year. The recommendation was thereafter duly enacted.

Petitioner maintains that section 14 and section 15 (*a*) of the act are not interrelated; that while after one year a creditor who has not complied with section 15 (*a*) has lost all rights in the *land itself*, nonetheless, that under section 14 such creditor still has the right to petition for collection of the rents, and to apply the same to the payment of debts, *irrespective of limitations of time.*

Obviously this contention is not correct. The commissioners' note to section 14 of the act clearly indicates its purpose. They stated that, as the law theretofore existed, *until* a decedent's real estate was sold for payment of debts, the devisees or heirs were enabled to collect and appropriate the rents. This the commissioners regarded as unjust. They suggested that if section 14 were adopted the application of rents "during the period of administration" might, at times, obviate the necessity for a sale of the land. It is true that the commissioners did say in the note: ". . . the devisee or heir should have no right to anything until the debts are paid . . ." But this phrase cannot be read as standing alone. It must be considered in its context. The next immediate phrase is a recommendation to change the law "in order that this inequality may be corrected". *The inequality was, as indicated, that the devisee or heir could take and appropriate the rents until the land was actually sold by process of law.* This, and this alone, was the mischief which section 14 of the statute was designed to remedy. See Miles' Estate, supra.

That this construction of section 14 of the act was in the mind of the late Judge Gest, one of the commissioners and draftsmen of the act, is apparent from his opinion in Olanoff's Estate, 21 D. & C. 652, wherein he wrote (p. 653) :

". . . rents are not assets for payment of debts unless they are brought into administration under section 14 of

the Fiduciaries Act, and, moreover, the lien of debts is lost in any event by the expiration of time."

In Kearney's Estate, 30 Dist. R. 75, Judge Sando decided that section 14 of the Fiduciaries Act has no application where a creditor has failed to preserve his lien. He wrote (p. 76):

"The petitioner had the right to institute suit against the administrator at any time within one year from the death of the decedent, thereby continuing the lien of its debt. Having failed to avail itself of the statutory provision, the respondent has no authority to apply the rents from the real estate of the decedent to the payment of the alleged claim."

Apparently, this is the only reported case directly in point.

In Joerger's Estate (O. C. of Phila. Co., no. 667 of 1932; not reported) Judge Ladner ruled that in "cases where creditors have preserved their liens" rents from real estate, under certain circumstances, might be applied to payment of debts, as if under section 14 of the Fiduciaries Act. And in McCann's Estate (O. C. of Phila. Co., no. 2349 of 1934; not reported) Judge Van Dusen decided that rents could be applied to debts "where creditors have preserved their liens", and cited Kearney's Estate, supra, and Olanoff's Estate, supra, with approval.

But the learned counsel for petitioner points to what Mr. Justice Sadler wrote in Reel's Estate, 272 Pa. 139, 142:

"In determining the amount of the assets for distribution, in which unsecured creditors may share, there is to be included the various items of rent received. Under the provisions of section 14 of the Fiduciaries Act (June 7, 1917, P. L. 447), the executors, on petition, were authorized to collect the rentals from the real estate: Reel's Est., 263 Pa. 248. Having received them, the sums paid in are, by the express wording of the above section, to be accounted for as a portion of the personal estate, and they become part of the fund for the payment of debts. Such rents as were here thus collected, are to be included in the

balance to which the creditors generally may look, though the right to share in the proceeds of the realty is lost by failure to comply with the statute."

From this language counsel draws the inference that under section 14 of the act rents may be applied at all times while the land is in possession of a devisee or heir, even though the real estate itself may not be liable for the debts of the decedent because of section 15(a) of the act.

We have examined the record contained in the paper books in Reel's Estate, supra, with considerable care. The petition to collect and apply rents for payment of debts, under section 14 of the act, was made and granted *within one year* from the death. It further appears, curiously enough, that the creditors failed to maintain their lien under section 15(a) of the act. The record also shows (p. 37a) that apparently the rents collected were for the first year only. Very accurately, therefore, in entire accord with our construction of this statute, Judge Sadler points out that while the creditors failed to maintain their liens upon the real estate, and would not have been entitled to share in the proceeds thereof, yet, because they did bring in the rents during the time the creditors possessed their liens, they were, nonetheless, entitled to such rentals. In our opinion, Reel's Estate confirms our construction.

Counsel for petitioner also refers to what Judge Hirt of the Superior Court wrote in Shareff's Estate, 143 Pa. Superior Ct. 465, 471:

"If appellant intended to look to the real estate she either should have revived the lien of her judgment within five years from the date of death of decedent (Reel's Estate, supra; *Shareff, to use, (Horn, Ap.) v. Wolf et al.,* supra) or applied to the court under §14 of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS §503 for an order directing the executors to collect the rents and account for them as personal estate. Appellant did neither. The real estate is still real estate and it and the income therefrom are no longer liable for decedent's debts."

From this language counsel draws the inference that the decision of the Superior Court was to the effect that, even though the lien of debts had expired, nonetheless, a creditor could apply to the court under section 14 of the Fiduciaries Act to collect the rents for payment of debts. Again, we feel that the Superior Court has made no such implication. The facts in the Shareff case were extremely complicated. It will suffice to say that by *agreement of the parties* rents were collected and applied on account of debts. Pending the operation of the agreement, no suit was brought and indexed to preserve the lien of debts as provided by section 15 (*a*) of the act, nor was any application made under section 14 to collect rents. Upon the termination of the agreement of the parties this court, affirmed by the Superior Court, decided that the creditors were without a lien upon the real estate, and therefore were without authority to collect rents in payment of their debts. There is nothing in that opinion which even remotely suggests that where the lien of debts has been lost a creditor may still apply under section 14 of the act for the collection of rents for payment of debts. If the contrary were true, certainly the Superior Court would not have denied to the creditor the right to collect rents for payment of the debts.

For the foregoing reasons, and under the authorities cited, the prayer of the petition is denied, and the petition is dismissed.