## UNITED STATES v. TWENTY-SEVEN ACRES OF LAND IN UNION COUNTY et al.

### Civil Action No. 1044.

District Court, M. D. Pennsylvania.

Nov. 8, 1944.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa., and Michael F. McDonald, Jr., Sp. Asst. to the U. S. Atty., of Wilkes-Barre, Pa., for the Government.

E. Stuart Bushong and Levin Stonebraker, both of Hagerstown, Md., for defendant.

WATSON, District Judge.

The United States of America, hereinafter referred to as the Petitioner, condemned premises consisting of 27 acres, known and recorded as the property of John G. Bower estate, at Allenwood, Union County, Pennsylvania, for a public purpose. Pursuant to the condemnation it was stipulated and agreed by counsel for the said John G. Bower estate and for the United States of America that the sum of Eight Thousand Dollars was to represent just compensation for the acquisition. In an effort to properly distribute that amount, the Petitioner is confronted with the question as to whether the amount should be paid to the executor of the estate of John G. Bower, deceased, or to certain devisees under the will of John G. Bower deceased.

The question is before the Court on a rule granted on the request of the Petitioner to show cause why said sum of Eight Thousand Dollars should not be distributed to certain devisees under the will of John G. Bower, deceased, in the proportions therein designated. If there was a conversion of the real estate of John G. Bower, deceased, under the terms of his will, the amount should be paid to the executor of his estate. If there was not, it should be distributed to certain devisees under his will.

The pertinent portion of the will of John G. Bower, deceased, contains the following language:

"All the rest and residue of my estate, real, personal and mixed of whatsoever kind and wheresoever situated shall be converted into cash, by my executors, hereinafter named and divided into three equal parts and I hereby give, devise and bequeath the same, as follows: * * *

"It is my wish and desire and I hereby so will and direct, that if in the judgment of my executors hereinafter named, the rest and residue of my estate or any part thereof, can be to advantage divided in

kind, without being converted into cash, then they shall have full power and authority so to do."

The real estate in question was part of the residuary estate, and the testator positively directed his executors to sell. While it is true that the testator did, in the last clause of Section 3, permit the executors to divide in kind, when it was advantageous so to do, this provision was to relieve the executors of being bound to convert real estate into cash when there was no market, and such action would result in great loss to the estate, and did in no way relieve the executors of the duty to convert the real estate into cash, as directed in the first clause of Section 3 of the will.

■ As to that which must appear to work a conversion in Pennsylvania is clearly set forth in Re Shareff's Estate, 143 Pa.Super. 465, 17 A.2d 623, 624, where the Court said: "If the testator's intention is not expressly stated it must be deduced from the whole instrument rather than from the terms of isolated provisions which, regarded alone, may be inconsistent with the testator's scheme as a whole. In re Marr's Estate, 240 Pa. 38, 87 A. 621, Ann.Cas.1915A, 167. To work a conversion there must appear (1) a positive direction to sell, or (2) an absolute necessity to sell in order to execute the will, or (3) such blending of real with personal estate by the testator as to clearly show that he intended to create a fund from a combination of both and to bequeath that fund as money."

In the case at bar, the testator's intention was expressly stated, and there was unquestionably a positive direction to sell.

■ I hold that there was a conversion of the real estate of John G. Bower, deceased, under the terms of his will; that, in selling the real estate in question for Eight Thousand Dollars, the executor carried out the positive direction in the will, and that the sum to be paid for the real estate by the Petitioner should be paid to the surviving executor of the estate of John G. Bower, deceased.

The rule to show cause granted July 1, 1944, is discharged, and the United States of America is directed to pay to the surviving executor of the estate of John G. Bower, deceased, the just compensation for the acquisition by it of the real estate referred to in the petition upon which the said rule to show cause was granted.